ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **WASTE COLLECTION, CORP.**<br><br>Peticionario<br><br>v.<br><br>**MUNICIPIO AUTÓNOMO DE CIDRA;**<br><br>Recurrido | KLCE202401304 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.:<br>**CG2023CV00347**<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.[1]

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de mayo de 2026.

Comparece ante este foro revisor, Waste Collection, Corp. (Waste Collection o parte peticionaria) y nos solicita que revisemos el pronunciamiento emitido el 31 de octubre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción de Sentencia Sumaria* instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto *de certiorari* solicitado y se confirma el dictamen recurrido.

**I.**

El caso de autos inició en 2023, cuando Waste Collection incoó una *Demanda* sobre cobro de dinero en contra del Municipio Autónomo de Cidra (Municipio). Alegó que, el 14 de febrero de 2014, suscribió con el Municipio un contrato sobre prestación de servicios de recogido y disposición de desperdicios sólidos y

---

[1] El caso de referencia fue reasignado a la Jueza Cintrón Cintrón como jueza ponente el 10 de abril de 2026.

escombros. Adujo que, el acuerdo tenía una vigencia desde el 16 de febrero de 2014 hasta el 15 de febrero de 2021 y que este fue enmendado el 18 de noviembre de 2020, a los fines de extender su vigencia hasta el 15 de febrero de 2031. Precisó que prestó los servicios pactados al Municipio, pero este no pagó las facturas correspondientes. Arguyó que, a la fecha de la demanda, se le adeudaban $210,153.21 por servicios de recogido de desperdicios, $2,835.00 por exceso de escombros recogidos y $59,390.344 por concepto de servicios prestados de la factura 6-30-2020. Sobre esta última partida, particularizó que, aunque el Municipio emitió el cheque núm. 111891 el 7 de julio de 2020, los fondos no habían sido cobrados. Añadió que solicitó al Municipio que emitiera un nuevo cheque, pero este se negó de forma contumaz. Por tanto, requirió al TPI que declarara ha lugar la demanda y dictara una sentencia por medio de la cual condenara al Municipio a satisfacer la suma total de $275,213.65 y al pago de los intereses, costas, gastos y honorarios de abogados junto a cualquier otro pronunciamiento que considerara procedente.

El 24 de abril de 2023, el Municipio presentó una *Contestación a la Demanda, Reconvención y Demanda contra Tercero*, en la cual negó la mayoría de las alegaciones. Expresó que el convenio concernido era nulo y/o anulable; y/o que Waste Collection incumplió con el mismo y provocó una emergencia ambiental en el ayuntamiento que generó cuantiosos gastos. Argumentó que, los honorarios por temeridad o frivolidad debían imponerse en contra de Waste Collection y que no procedía pago alguno a favor de la empresa.

Como defensas afirmativas el Municipio levantó, entre otras, que la demanda era improcedente al aplicar la doctrina de fraccionamiento de causa o "*claim splitting*", toda vez que, en el 2021, Waste Collection instó un pleito de incumplimiento de

contrato y daños en su contra (CG2021CV02138), que, a la fecha de la contestación de la demanda, estaba pendiente de adjudicación en el Tribunal. También razonó que, el contrato fue producto de actos fraudulentos y que Waste Collection fue expulsada del Registro Único de Licitadores de Puerto Rico por verse involucrada en un esquema de corrupción.

En la reconvención, el Municipio levantó dos (2) causas de acción en contra de Waste Collection. En la primera, sostuvo que, el 1 de junio de 2021, notificó a Waste Collection la cancelación del contrato efectivo al 1 de julio de 2021. Añadió que, a partir de la fecha de la notificación, la compañía abandonó los servicios del recogido de desperdicios sólidos y provocó una emergencia ambiental en todo el municipio. Discutió que Waste Collection era la única y absoluta responsable de la aludida emergencia que tuvo una duración de seis (6) meses. Detalló que incurrió en costos estimados en $350,000.00 para poner al día el servicio de recogido de basura.

Como segunda causa de acción, el Municipio arguyó que el decreto de exención contributiva municipal, concedido el 1 de junio de 2015 a Waste Collection, era ilegal y se otorgó en violación de la Ley de Municipios Autónomos vigente en ese entonces. Esbozó que la empresa reclamó beneficios contributivos en función del ilegal decreto en concepto de patentes municipales, arbitrios de construcción, propiedad mueble e inmueble, entre otros conceptos. Estimó que Waste Collection evadió y no le pagó alrededor de $300,000.00.

En la demanda contra tercero incoada contra Oscar Santamaría Torres, quien se alegó fue y/o es el presidente, director, accionista y/o dueño de Waste Collection, el Municipio adujo que no podía mantener una relación contractual con dicha entidad, toda vez que Santamaría Torres se declaró culpable de

incurrir en un patrón de sobornos y "*kickbacks*" y era un convicto federal que lo inhabilitaba a contratar con el Gobierno, instrumentalidades y Municipios. Ante ello, requirió al Tribunal que decretara la nulidad del contrato suscrito con Waste Collection mediante una sentencia declaratoria.

Luego de varias incidencias procesales, el 21 de junio de 2023, el foro de instancia dictó una *Sentencia Parcial*, por medio de la cual desestimó, sin perjuicio, la reconvención presentada por el Municipio. A su vez, el 18 de julio de 2023, dicho foro emitió otra *Sentencia Parcial*, mediante la cual concluyó que no procedía la desestimación del caso bajo la doctrina de cosa juzgada. De otro lado, desestimó, sin perjuicio, la reclamación de Waste Collection relacionada al servicio de recogido y disposición de desperdicios sólidos no peligrosos y escombros, correspondientes al mes de junio de 2021.[2]

Así las cosas, el 27 de septiembre de 2024, Waste Collection instó una *Moción de Sentencia Sumaria*. Allí enumeró siete (7) hechos sobre los cuales entendía que no existía controversia. Añadió que el asunto litigioso a resolver era si debía compelerse al Municipio a pagarle la suma de $59,390.44, por concepto de servicios prestados correspondientes a la factura 6-30-2020.

Cónsono con lo anterior, Waste Collection manifestó que era incontrovertible que prestó servicios al Municipio sobre recogido y disposición de desperdicio sólidos y escombros. Añadió que tampoco estaba en controversia que sometió una factura por la suma neta de $59,390.44 por servicios que proporcionó y que, a pesar de que el Municipio emitió un cheque a su favor por dicha suma, este caducó sin ser cobrado. En ese sentido, insistió en que

---
[2] Apéndice del recurso, págs. 100-104.

el Municipio ya reconoció la acreencia como una válida, exigible y líquida, por lo que debía satisfacerla.[3]

En respuesta, el 23 de octubre de 2024, el Municipio incoó una *Oposición a Solicitud de Sentencia Sumaria*. En suma, alegó que la pasada administración del Municipio suscribió un contrato ilegal con Waste Collection; realizó un pago sin la existencia de una factura y los correspondientes informes que requería el contrato y emitió un cheque por una cantidad errónea, lo cual fue cuestionado por la Oficina del Contralor. Hizo hincapié en que existían controversias sustanciales de hechos que impedían que se dictara sentencia sumaria en el caso. Además, razonó que, en la etapa procesal en que se encontraba el caso, procedía que el Tribunal permitiera que el descubrimiento de prueba culminara. Específicamente, tomar las deposiciones de los funcionarios de Waste Collection; el exalcalde del Municipio; y entrevistar al exfuncionario del Municipio, José A. Morales Rivera. Por tanto, esbozó que procedía denegar la moción de sentencia sumaria.[4]

Evaluadas las posturas de ambas partes, el 31 de octubre de 2024, el foro *a quo* dictó una *Resolución Interlocutoria*. Mediante la misma, declaró *No Ha lugar* la solicitud de sentencia sumaria presentada por Waste Collection. En su dictamen, el Tribunal no formuló determinaciones de hechos, pero estableció que existía controversia sobre hechos esenciales y pertinentes que ameritaban ser dilucidados mediante la conclusión del descubrimiento de prueba y en una vista en su fondo.

---

[3] Junto a su escrito anejó los siguientes documentos: declaraciones juradas de la señora Lorimar Eneida Sánchez Ríos y el señor José A. Morales Rivera, *Contrato de Servicio para el Recogido y Disposición de Desperdicios Sólidos No Peligrosos y Escombros* y Cheque Núm. 111891 emitido el 7 de julio de 2020 por el Municipio a favor de Waste Collection por la suma de $59,390.44.

[4] Junto a su escrito anejó los siguientes documentos: Informe Final de Transición; información de Waste Collection en el Registro de Corporaciones y Entidades; Decreto de Exención Contributiva Municipal; Memorial Explicativo; *Contrato de Servicio para el Recogido y Disposición de Desperdicios Sólidos No Peligrosos y Escombros;* declaración jurada de la señora Aricedly Díaz Ortiz; copias de los expedientes de las oficinas de desarrollo económico finanzas, entre otros.

En desacuerdo, Waste Collection acudió ante este foro revisor y le señaló al foro de instancia la comisión de los siguientes errores:

Erró el foro de instancia al denegar la moción de sentencia sumaria de Waste Collection sin formular determinaciones de hechos según lo exige de forma mandatoria la Regla 36.4 de Procedimiento Civil, 32 LPRA AP. V, R. 36.4.

Erró el foro de instancia al no emitir la sentencia sumaria ante la ausencia de controversias reales y sustanciales de hechos materiales y su procedencia conforme al derecho aplicable.

Mediante *Resolución* del 12 de diciembre de 2024, ordenamos al Tribunal de Primera Instancia elevar ante nos una resolución debidamente fundamentada con los hechos y el derecho aplicable para denegar o declarar sin lugar la solicitud de sentencia sumaria presentada por Waste Collection.[5]

En cumplimiento con lo ordenado, el 14 de enero de 2025, el TPI emitió *Resolución*. En su escrito, incluyó las siguientes determinaciones de hechos esenciales y pertinentes sobre las cuales entendía que no había controversia sustancial:

1. Waste Collection y el Municipio suscribieron un contrato el 14 de febrero de 2014 en relación con el servicio de recogido y disposición de desperdicios sólidos y escombros.

2. El contrato suscrito por Waste Collection y el Municipio se registró en la Oficina del Contralor y se le asignó el número 2014-000298.

3. El Municipio emitió el cheque núm. 111891 a favor de Waste Collection por la suma de $59,390.44.

4. Waste Collection no cobró el cheque núm. 111891 y este caducó.

5. El Sr. Santamaría fue miembro del Comité de Transición entrante del entonces Alcalde, Javier Carrasquillo Cruz. (Entrada 70, Anejo 1).

6. El Comité de Transición entrante recomendó la cancelación del entonces contrato de recogido de basura y escombros. (Entrada 70, Anejo 1).

7. El Sr. Santamaría es dueño, incorporador y Presidente de Waste. (Entrada 70, Anejos 2, 3 y 4).

8. Waste y el Municipio firmaron el contrato número 2014-000-298, "Contrato de Servicio Para el

---

[5] A tenor con la Regla 83.1 del Reglamento del Tribunal de Apelaciones.

Recogido y Disposición de Desperdicios Sólidos No Peligrosos y Escombros" Los artículos 5.5 y 5.6 del Contrato disponen que:

"—**CINCO**: Los informes a someterse por **LA PARTE CONTRATADA**, en relación a los servicios de recogido de desperdicios sólidos bajo este contrato, incluirán lo siguiente:

- Cantidad de toneladas de desperdicios y un resumen de las entregas al vertedero.

- Número de clientes residenciales y pequeños negocios.

- Detalle de llamadas recibidas de clientes y la acción tomada, si alguna.

- Resumen de la naturaleza de los asuntos resueltos.

—**SEIS: LA PARTE CONTRATADA** entregará los informes especificados en el Artículo 5.5 de este contrato con su factura, desde el día de comienzo de los servicios, hasta la terminación de este contrato." (Entrada 67, Anejo 2 y Entrada 70, Anejo 5).

A su vez, el TPI estableció que existía controversia sobre los siguientes hechos:

1. Si el Contrato es legal o si se firmó en violación a La "Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991", ("Ley de Municipios") 21 L.P.R.A., secciones 4102, 4111, 4166 y 4902; y el Reglamento Núm. 8235 del 31 de julio de 2012, "Reglamento Para La Transición de los Gobiernos Municipales" ("Reglamento"). (Entrada 67, Anejo 2 y entrada 70, Anejo 5).

2. Si existe una factura 06-30-20 en la cantidad de $59,390.44.

3. Si existen los reportes que deben acompañar la factura 06-30-20.

4. En ausencia de la factura e informes 06-30-20 por la cantidad de $59,390.44 y los correspondientes informes requeridos en los artículos 5.5 y 5.6 del Contrato, no hay certeza de que Waste haya prestado los servicios conforme al Contrato.

5. Si la cantidad por la cual se hizo el cheque 111891 contiene error.

El foro de instancia concluyó que, tanto el contrato entre las partes, como la omisión de la factura 06-30-20 en la cantidad de $59,390.44 y los correspondientes informes, crearon una controversia real y sustancial de si se prestaron o no unos servicios conforme al contrato; y, la existencia de la alegada

cantidad adeudada a favor de Waste Collection. Además, expresó que la omisión de la presentación de facturas e informes de trabajo realizados por Waste Collection, que deben acompañar previo al desembolso de fondos públicos, era un elemento esencial para probar el caso. Así, decretó que las controversias que permeaban debían adjudicarse mediante juicio plenario.

El Municipio compareció por medio de un *Alegato en Oposición a Certiorari*. Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[6]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra,

---

[6] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones[7] enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

---

[7] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La Regla 36 de las de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA Ap. V, R. 36. El propósito principal de este mecanismo procesal es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* res. el 7 de enero de 2025, 2025 TSPR 1; *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023).[8] Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015). La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601 (2023).

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Universal Ins. y otro v. ELA y otros*, 211 DPR 455

---

[8] Véase, además: *Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *Ferrer et. al. v. PRTC*, 209 DPR 574, 580-581 (2022); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

(2023). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de naturaleza tal que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión, supra,* págs. 213-214, seguido en *Meléndez González v. M. Cuebas, supra,* pág. 110.

Nuestro ordenamiento civil y su jurisprudencia interpretativa dispone que se deben cumplir unos requisitos de forma, los cuales deben satisfacerse al momento de presentar una solicitud de sentencia sumaria. Estos requisitos son: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del Tribunal; (5) las razones por las cuales se debe dictar sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot,* 203 DPR 687 (2019).

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa. *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020). El hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda, si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de

su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". La Regla 36.5 de las de Procedimiento Civil, dispone que de no producirse por parte del opositor una exposición de hechos materiales bajo juramento, deberá dictarse sentencia sumaria en su contra. 32 LPRA Ap. V, R. 36.5; *Ramos Pérez v. Univisión*, supra, págs. 215-216.

La Regla 36.4 de las de Procedimiento Civil establece que, si no se dicta sentencia sobre la totalidad del pleito ni se concede todo el remedio solicitado o se deniega la moción de sentencia sumaria, y, por tanto, es necesario celebrar juicio, será obligatorio que el Tribunal en su dictamen determine los hechos esenciales sobre los cuales no haya controversia sustancial y aquellos que sí se encuentran genuinamente en controversia. 32 LPRA Ap. V, R.36.4.

Cónsono con lo anterior, nuestro estado de derecho le impone y exige al TPI, exponer los hechos materiales y esenciales que están en controversia, así como los que no lo están, independientemente de cómo resuelvan una solicitud de sentencia sumaria. *Meléndez González v. M. Cuebas, supra*, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial, y (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913-914 (1994).

Por último, en *Meléndez González v. M. Cuebas, supra*, el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar

denegatorias o concesiones de mociones de sentencia sumaria. Conforme con ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La tarea de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Nuestro Más Alto Foro ha pautado que, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. *Meléndez González v. M. Cuebas*, supra, págs. 118-119. Es decir, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Íd.*

### III.

Debido a que la controversia bajo nuestra consideración versa sobre la denegatoria de una moción de carácter dispositivo, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari,* conforme la Regla 52.1 de Procedimiento Civil, *supra.*

En esencia, la parte peticionaria sostiene que, incidió el foro primario al declarar *No Ha Lugar* su moción de sentencia sumaria y disponer que existía controversia real y sustancial en cuanto a varios asuntos que requerían la celebración de un juicio. Particulariza que el Municipio: (1) no cumplió con las disposiciones de la Regla 36.3(b) de Procedimiento Civil y (2) no debatió propiamente los hechos que enumeró en la moción de sentencia sumaria como incontrovertidos.

Así, la parte peticionaria entiende que el foro recurrido debió emitir sentencia sumaria y concluir que existe una deuda válida a su favor que no ha sido satisfecha, en vista de que el cheque núm. 111891 caducó sin que fuera cobrado. En esa dirección, argumenta que, el TPI debió concluir que la parte recurrida estaba impedida de asumir una conducta contradictoria referente al asunto del cheque. Es su parecer que sería una injusticia el no recibir compensación justa por servicios prestados. Insiste en que no es necesario celebrar un juicio en su fondo para la resolución del caso.

Por otro lado, la parte recurrida está conforme con la decisión objetada. Esboza que cumplió a cabalidad con las formalidades de la Regla 36 de Procedimiento Civil en su oposición a la solicitud de sentencia sumaria. A su vez, manifiesta que la parte peticionaria no logró establecer de manera clara y concluyente que los hechos invocados en su petitorio estaban libres de controversia. Alega que la falta de una factura con los documentos que la sustenten no va acorde con los principios de la contratación gubernamental, a los fines de propiciar una adecuada fiscalización de los gastos públicos. Arguye que no es correcto imponerle el cumplimiento de un contrato nulo y/o que meramente se reponga un cheque, que, contrario a todas las normas de un buen manejo contable, la parte peticionaria dejó caducar. En síntesis, sostiene que exigirle a la parte peticionaria que provea la evidencia documental pertinente de la deuda que reclama tiene una insoslayable dimensión de sana administración pública.

Tras examinar *de novo* la moción de sentencia sumaria y su oposición, acogemos las determinaciones de hechos formuladas por el foro primario en el dictamen recurrido, por entender que están debidamente sustentadas. Por consiguiente, concluimos que

el TPI actuó correctamente al resolver que la legalidad del contrato entre las partes; la prestación de los servicios por parte de Waste Collection; un posible incumplimiento de contrato de Waste Collection y la cantidad de la alegada deuda que se le reclama al Municipio aún se encuentran en controversia, lo que impide la resolución por la vía sumaria del caso. Somos del criterio que dichas polémicas solo pueden ser atendidas en un juicio plenario, mediante el desfile de prueba de las partes, una vez concluya el descubrimiento de prueba. Por lo tanto, luego de analizada la totalidad de las circunstancias del caso, colegimos que actuó correctamente el TPI al denegar la solicitud de sentencia sumaria incoada por la parte peticionaria.

En consecuencia, expedimos el auto de *certiorari* y confirmamos la *Resolución* impugnada, por no encontrar indicio alguno de que el foro primario actuó de forma prejuiciosa, arbitraria, en abuso de su discreción o que cometió algún error de derecho.

**IV.**

Por los fundamentos antes esbozados, se expide el auto de *certiorari* solicitado y se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria.

La Jueza Rivera Marchand concurre sin voto escrito.

La Juez Barresi Ramos disiente con voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **WASTE COLLECTION CORP.**<br>DEMANDANTE(S)-PETICIONARIA(S)<br><br><br>V.<br><br><br>**MUNICIPIO AUTÓNOMO DE CIDRA**<br>DEMANDADA(S)-RECURRIDA(S) | **KLCE202401304** | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de CAGUAS<br><br>Caso Núm.<br>**CG2023CV00347 (801)**<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

**VOTO DISIDENTE DE LA JUEZ BARRESI RAMOS**

En San Juan, Puerto Rico, hoy día 19 de mayo de 2026.

Por entender que procedía *expedir* el auto de *Certiorari* instado el 2 de diciembre de 2024 por **WASTE COLLECTION, CORP. (WASTE COLLECTION)** a los fines de *modificar* la provisión judicial para eliminar las determinaciones de hechos números 5, 6, 7 y 8 de la *Resolución*; *acoger* los hechos incontrovertidos números 3 y 6 de la *Moción de Sentencia Sumaria* presentada el 27 de septiembre de 2024 por **WASTE COLLECTION**; y *eliminar* las controversias números 1, 3 y 4 de la citada *Resolución;* y así *modificada*, *confirmar* la *Resolución* decidida el 14 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas, en todos sus demás extremos, respetuosamente disentimos de la opinión mayoritaria por las razones que expondremos a continuación.

**- I –**

En el presente caso, **WASTE COLLECTION** apuntala que el foro primario cometió dos (2) errores. Esboza que el foro primario erró: (i) al formular determinaciones de hechos que resultan improcedentes al contravenir los requisitos de la Regla 36.3 de Procedimiento Civil y en torno

a los cuales no contó con oportunidad para exponer su posición; y (ii) al no emitir la sentencia sumaria solicitada por este ante la ausencia de controversias reales y genuinas de hechos materiales y su procedencia conforme al derecho aplicable.

Por el contrario, el **MUNICIPIO** aduce que no existía un contrato válido que le obligara y, en el caso de que este fuese válido, **WASTE COLLECTION** no estaba exento de presentar una factura al cobro cumpliendo todas las formalidades del contrato. Ello pues, las partes privadas que contratan con el Gobierno deben velar por el fiel cumplimiento de las leyes. Indica que la petitoria de sentencia sumaria es prematura pues el descubrimiento de prueba no ha culminado y añadió que, en tales circunstancias, dictar sentencia a favor de **WASTE COLLECTION** sin llevar a cabo procedimientos ulteriores, erogando fondos públicos, es contrario a nuestro estado de derecho.

Como cuestión de umbral, es nuestro deber revisar si el foro de instancia aplicó correctamente el derecho al asunto que nos ocupa. Emana de la *Resolución* refutada que el juzgador de instancia determinó como hechos esenciales y pertinentes sobre los cuales no había controversia sustancial varios planteamientos presentados por el **MUNICIPIO** en su *Oposición a Moción de Sentencia Sumaria*. Ello a pesar de que el **MUNICIPIO** **no** cumplió con los requisitos de forma estatuidos en el inciso (b) de la Regla 36.3 de Procedimiento Civil.

Dicho esto, es menester señalar que la *Resolución* impugnada acogió en su totalidad como determinaciones de hechos incontrovertidos, varios hechos contenidos en la *Moción de Sentencia Sumaria*.[9] Además, admitió en parte el hecho enumerado como cinco (5). Tras un escrutinio ponderado de los documentos del legajo, corresponde **modificar** las determinaciones de hechos sobre los cuales no hay controversia. De los ocho (8) hechos

---

[9] En específico, acogió la propuesta de hechos que no están en controversia contenidos en la *Moción de Sentencia Sumaria*: 1, 2 y 7.

incontrovertidos señalados por el tribunal primario, percibimos que solo prevalecen los siguientes:

1. Waste Collection y el Municipio suscribieron un contrato el 14 de febrero de 2014 en relación con el servicio de recogido y disposición de desperdicios sólidos y escombros.
2. El contrato suscrito por Waste Collection y el Municipio se registró en la Oficina del Contralor y se le asignó el número 2014-000298.
3. [E]l Municipio emitió el cheque núm. 111891 a favor de Waste Collection por la suma de $59,390.44.
4. Waste Collection no cobró el cheque núm. 111891 y este caducó.

Asimismo, admitimos como hechos sobre los cuales no existe controversia, los enunciados número tres (3) y número seis (6) propuestos por **Waste Collection** en su *Moción de Sentencia Sumaria*, los cuales disponen que:

3. Waste Collection prestó servicios al Municipio de recogido y disposición de desperdicios sólidos y escombros.
6. Conforme al cheque núm. 111891, este tendría una vigencia de seis (6) meses tras haberse emitido.

No acogemos los hechos incontrovertidos enumerados como 5, 6, 7 y 8 contenidas en la *Resolución*. Toda vez que el **Municipio** incumplió con los requisitos contemplados en las Reglas de Procedimiento Civil de 2009 al formular hechos adicionales en su *Oposición a Moción de Sentencia Sumaria*, sin estar debidamente enumerados en párrafos separados y sin hacer referencia a la página o párrafos de los documentos que los sustentaban. En efecto, erró el foro recurrido al formular determinaciones de hechos que resultan improcedentes al contravenir los requisitos de la Regla 36.3 de Procedimiento Civil de 2009. Por lo tanto, se incidió en el primer error.

Al contrario, de las cinco (5) controversias que están pendientes a dilucidarse en sus méritos, según el foro de instancia, entendemos que solo subsisten las siguientes:

2. Si existe una factura 06-30-20 en la cantidad de $59,390.44.
5. Si la cantidad por la cual se hizo el cheque 111891 contiene error.

Lo cierto es que existen dudas en torno a la alegada existencia de la factura 06-30-20 a la cual hace referencia **WASTE COLLECTION** y, en consecuencia, en torno a la cantidad de la presunta deuda. Por este motivo, dilucidamos que el tribunal primario no abusó de su discreción, cometió perjuicio o error manifiesto al declarar, en cuanto a este aspecto, no ha lugar la *Moción de Sentencia Sumaria* presentada por **WASTE COLLECTION**. Debido a lo cual, no se cometió el segundo error.

En resumen, acogemos los hechos no controvertidos antes mencionados. Indudablemente, en el presente caso existen controversias o dudas en torno a: si existe una factura 06-30-20 en la cantidad de $59,390.44 y si la cantidad por la cual se hizo el cheque 111891 contiene error que deben ser dilucidadas en un juicio en sus méritos. De manera que actuó apropiadamente el foro primario al no disponer por la vía sumaria.

Por todo ello, concluimos que se debió *expedir* el auto de *Certiorari* interpuesto el 2 de diciembre de 2024 por **WASTE COLLECTION** a los fines de *modificar* la decisión judicial para eliminar las determinaciones de hechos números 5, 6, 7 y 8 de la *Resolución*; *acoger* los hechos incontrovertidos números 3 y 6 de la *Moción de Sentencia Sumaria* presentada el 27 de septiembre de 2024 por **WASTE COLLECTION**; y *eliminar* las controversias números 1, 3 y 4 de la susodicha *Resolución;* y así *modificada*, *confirmar* la *Resolución* concertada el 14 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas, en todos sus demás extremos

Eileen J. Barresi Ramos
Juez de Apelaciones